# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 9, 2019

```
* * * * * * * * * * * * * * * * * * * * * * * *
SEAN MCLOUGHLIN, Executor of the     *    No. 17-1478V
Estate of JOHN MCLOUGHLIN,           *
                                     *
                Petitioner,          *    Special Master Sanders
v.                                   *
                                     *
SECRETARY OF HEALTH                  *    Stipulation for Award; Influenza ("flu")
AND HUMAN SERVICES,                  *    Vaccine; Guillain-Barré Syndrome ("GBS")
                                     *
                Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Renee Gentry</u>, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for Petitioner.
<u>Alexis Babcock</u>, United States Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On October 10, 2017, Sean McLoughlin ("Petitioner") filed a petition for compensation as executor of the estate of John McLoughlin pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine Mr. McLoughlin received on October 24, 2014 caused him to develop Guillain-Barré syndrome ("GBS"). *See* Stip. at 1, ECF No. 37. Petitioner further alleged that Mr. McLoughlin experienced the residual effects of his injury for more than six months. *Id.*

On September 3, 2019, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. *Id.* at 2. Respondent denies that the flu vaccine caused Mr. McLoughlin's alleged GBS, or any other injury. *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $110,000.00 in the form of a check payable to [P]etitioner as legal representative of the estate of John McLoughlin. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.*

I approve the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SEAN MCLOUGHLIN, *Executor of the Estate of* John McLoughlin, ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) ) Respondent. ) ) ) ) | No. 17-1478V<br>Special Master Sanders<br>ECF |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Sean McLoughlin ("petitioner'), as legal representative of the estate of John McLoughlin ("Mr. McLoughlin"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. McLoughlin's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. McLoughlin, received the flu vaccine on October 24, 2014.

3. The flu vaccine was administered within the United States.

4. Petitioner alleges that Mr. McLoughlin suffered Guillain-Barré Syndrome ("GBS") as the result of the flu vaccine and that he experienced the residual effects of this condition for more than six months. Petitioner additionally alleges that Mr. McLoughlin's death was vaccine-related where the treatment for GBS exacerbated his metastatic melanoma.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. McLoughlin's behalf as a result of his alleged GBS or his death.

6. Respondent denies that the flu vaccine was the cause of Mr. McLoughlin's alleged GBS or any other injury or condition or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $110,000.00, in the form of a check payable to petitioner as legal representative of the estate of John McLoughlin. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the estate of John McLoughlin, under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the estate of John McLoughlin. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of John McLoughlin at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of John McLoughlin upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as the legal representative of the estate of John McLoughlin, on behalf of the estate and John McLoughlin's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine

Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of John McLoughlin resulting from, or alleged to have resulted from, the flu vaccine administered on October 10, 2014, as alleged in a Petition filed on October 10, 2017, in the United States Court of Federal Claims as petition No. 17-1478V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. McLoughlin's alleged GBS or any other injury or his death.

17. All rights and obligations of petitioner in his capacity as the legal representative of the estate of John McLoughlin, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assign.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*[signature]*
SEAN MCLOUGHLIN

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
RENEE J. GENTRY
Vaccine Injury Litigation Clinic
The George Washington University Law School
2000 G St., NW
Washington, DC 20052
Tel: (202) 994-8161

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

*Catharine E Reeves
by Heather L Pearlman*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 9/3/19

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
~~JAY M. ALL~~ ALEXIS BABCOCK
~~Trial Attorney~~ - Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-0124

5